OPINION.
{¶ 1} Plaintiff-appellant Roy D. Lewis, Jr. ("Lewis") brings this appeal from the judgment of the Court of Common Pleas of Shelby County granting summary judgment to defendants-appellees Ricky L. Kizer ("Kizer") and Commerce and Industry Insurance Co. ("CIC").
 {¶ 2} On September 16, 1990, Kizer, an uninsured driver, crossed the center line and struck a vehicle driven by Lewis. Lewis filed suit against Kizer and obtained a default judgment against Kizer on June 2, 1993. At the time of the accident, Lewis was employed by Ramsey Laboratories ("Ramsey"). Ramsey maintained a business automobile policy, a commercial general liability policy and a commercial umbrella liability policy, all issued by CIC.
 {¶ 3} On October 31, 2001, Lewis filed a lawsuit against Kizer, Ramsey, and CIC for the 1990 automobile accident. Ramsey was dismissed from the suit on May 21, 2002. On November 1, 2002, Lewis filed a motion for summary judgment against CIC as to the claim for declaratory relief that Lewis was an insured under the policies. Lewis also filed a motion for default judgment against Kizer. CIC filed its motion for summary judgment on November 1, 2002, as well. Both CIC and Lewis filed motions contra to the other's motion for summary judgment. On November 19, 2002, the trial court overruled the motion for a default judgment against Kizer on the basis of res judicata. On January 3, 2003, the trial court granted CIC's motion for summary judgment and overruled Lewis's motion for summary judgment, finding that CIC was prejudiced by the delay in providing notice of the claim. It is from these judgments that Lewis raises the following assignments of error.
The trial court erred to the prejudice of [Lewis] in granting summaryjudgment in favor of [CIC] and denying [Lewis's] motions for summaryjudgment on his claims for declaratory relief on [CIC's policies].
 The trial court erred to the prejudice of [Lewis] in denying his motionfor default judgment against [Kizer].
 {¶ 4} In the first assignment of error, Lewis claims that the trial court erred in granting summary judgment to CIC and in denying summary judgment to himself. The basis for Lewis's argument is that CIC did not show that it was prejudiced by the delay in notice and that there was no notice that the delay in notice was unreasonable. The automobile accident occurred in 1990. The first notice of the accident received by CIC was in 2002, more than a decade later.
 {¶ 5} The Supreme Court of Ohio dealt with the question of delay in notice in Ferrando v. Auto-Owners Mut. Ins. 98 Ohio St.3d 186,2002-Ohio-7217, 781 N.E.2d 927. In Ferrando, the trial court held the following.
Based on our discussion thus far, a court evaluating whether aprompt-notice or consent-to settle (or other subrogation-related)provision in a UIM policy was breached, and, if so, the effects of thebreach, must conduct a two-step inquiry as described in further detailbelow. The first step is to determine whether a breach of the provisionat issue actually occurred. The second step is, if a breach did occur,was the insurer prejudiced so that UIM coverage must be forfeited. * * *
 The two-step approach in late-notice cases requires that the courtfirst determine whether the insured's notice was timely. Thisdetermination is based on asking whether the UIM insurer received notice"within a reasonable time in light of all the surrounding facts andcircumstances." * * * If the insurer did receive notice with a reasonabletime, the notice inquiry is at an end, the notice provision was notbreached, and UIM coverage is not precluded. If the insurer did notreceive reasonable notice, the next step is to inquire whether theinsurer was prejudiced. Unreasonable notice gives rise to a presumptionof prejudice to the insurer, which the insured bears the burden ofpresenting evidence to rebut.
 In cases involving the alleged breach of a consent-to-settle or othersubrogation-related clause, the first step is to determine whether theprovision actually was breached, the second step is to determine whetherthe UIM insurer was prejudiced. If a breach occurred, a presumption ofprejudice to the insurer arises, which the insured party bears the burdenof presenting evidence to rebut.
Id. at ¶ 89-91 (citations omitted). The Court found that the question of reasonableness of notice was one of fact. Id. at ¶ 93.
 {¶ 6} In its motion for summary judgment, CIC claimed that Lewis had breached the notice provision of the policies. The basis for the granting of summary judgment was that Lewis violated the notice provision and prejudiced CIC by doing so. However, the question of whether the notice was reasonable given the circumstances is one of material fact that cannot be resolved on summary judgment. The first assignment of error is sustained.
 {¶ 7} In the second assignment of error, Lewis argues that the trial court incorrectly applied the doctrine of res judicata. Res judicata is the doctrine by which "a final judgment by a court of competent jurisdiction is conclusive upon the parties in any subsequent litigation involving the same cause of action." Barron's Law Dictionary (3 Ed. 1991) 416. Lewis claims that since his prior lawsuit against Kizer resulted in a default judgment against Kizer, the doctrine of collateral estoppel does not apply. The statement that the doctrine of collateral estoppel does not apply is correct. However, the doctrine of res judicata is different. It does not depend upon whether an issue was litigated but rather whether a final judgment was issued.
 {¶ 8} In the case before this court, the court of competent jurisdiction entered a final judgment in favor of Lewis against Kizer for damages sustained in the 1990 automobile accident. The complaint in the 2001 case claims that Kizer caused injury to Lewis in the same automobile accident. Since Lewis already has a judgment against Kizer for damages from that accident, no new suit can be brought upon the same claim and Lewis is not entitled to a second successive judgment on the same claim. Thus, the trial court did not err in dismissing the claim against Kizer. The second assignment of error is overruled.
 {¶ 9} The judgment of the Court of Common Pleas of Shelby County is affirmed in part and reversed in part. The cause is remanded for further proceedings.
Judgment affirmed in part and reversed in part and cause remanded.
SHAW, J., concurs.
CUPP, J., dissents.